**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Sanchez Lopez,<br><br>    Plaintiff,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Defendants. | No. CV-11-1755-PHX-GMS<br><br>**ORDER** |

      Pending before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Robert Sanchez Lopez. (Doc. 1). Magistrate Judge Anderson has issued a Report and Recommendation ("R & R") in which he recommended that the Court dismiss the petition without prejudice because Petitioner has an ongoing Rule 32 proceeding in Maricopa County Superior Court. (Doc. 14). After Magistrate Judge Anderson issued the R & R, Maricopa County Superior Court Judge Glenn M. Davis denied Petitioner's Motion for Post-Conviction Relief. (Doc. 17, Ex. 1). The petition cannot be dismissed for failure to exhaust based upon a state court action that is no longer ongoing, so the petition will be returned to Judge Anderson.

## BACKGROUND

      On February 17, 2010, Petitioner was convicted in Maricopa County Superior Court, case #CR 2009-048664-001DT, of Possession of Marijuana in an Amount Less than One

1  Ounce, and Forgery Possession of One Forged Instrument. Petitioner was sentenced to terms
2  of imprisonment of 3 years and 5 years, respectively. (Doc. 1). The Arizona Court of Appeals
3  affirmed his conviction on November 30, 2010, and the Arizona Supreme Court denied
4  review on August 1, 2011. (Doc. 1-1 at 58–73). On September 6, 2011, Petitioner filed a
5  Petition for Habeas Corpus in the Federal District Court of Arizona, raising four grounds for
6  relief. (Doc. 1). On November 19, 2011, Petitioner filed a Rule 32 Petition for Post-
7  Conviction Relief in Maricopa County Superior Court. (Doc. 11, Ex. A). On December 23,
8  Respondent moved to dismiss the petition, or alternately stay and abey it, because the state
9  court post-conviction motion remained pending. (Doc. 11). On February 2, Magistrate Judge
10 Anderson issued an R & R recommending that the Court grant Respondent's motion. On
11 March 12, 2012, the Superior Court denied Petitioner's state court petition. (Doc. 17, Ex. 1).
12 Petitioner does not state that he has appealed the decision of the Maricopa County Superior
13 Court, and no case under his name appears on the docket of the Arizona Court of Appeals.
14 Under Arizona Rule of Criminal Procedure 32.9(c), a state petitioner has thirty days in which
15 to appeal the denial of a Rule 32 motion from the Superior Court, so Petitioner may no longer
16 appeal the Superior Court's denial.

## DISCUSSION

### I.    Legal Standard

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3) (2006). The writ may be granted by "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Review of Petitions for Habeas Corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244 *et seq.* (2006).

Habeas relief is not available to petitioners who do not properly exhaust their state court procedural remedies prior to filing their federal petitions. 28 U.S.C. § 2254(b)(1). In order to satisfy the exhaustion requirement, a petitioner must give state courts the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364,

1 365 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *see Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (holding that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims") (citations omitted); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("A habeas petitioner must give the state courts the first opportunity to review any claim of federal constitutional error before seeking federal habeas review of that claim.") (citing *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). Except in cases "carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for the purposes of federal habeas once the Arizona State Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 n.3 (9th Cir. 2005) (quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

A petitioner may exhaust a claim by filing a direct appeal or a petition for post-conviction review in state court, but need not do both. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) ("Whether a claim is exhausted through a direct appellate procedure, a postconviction procedure, or both, the claim should be raised at all appellate stages afforded under state law *as of right* by that procedure.") (emphasis in original; internal quotation omitted). Nevertheless, if litigation is ongoing in state court, a petitioner has not exhausted his claim. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) ("[A] would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts."). When a petitioner files both a direct appeal and a state petition for post-conviction relief, the failure to exhaust the a claim through one procedure does not render it unexhausted when it has been exhausted through the other. *See McNeal v. Adams*, 623 F.3d 1283, 1287 (9th Cir. 2010). In *McNeal*, a petitioner filed a California state habeas action and a direct appeal; while he sought review of the denial of his direct appeal in the California Supreme Court, he did not appeal the denial of post-conviction relief. *See McNeal v. Adams*, CV-06-1763-MCE-CMK, 2008 WL 1805809, at *2 (E.D. Cal. 2008). Both the district court reviewing the initial petition and the Ninth Circuit ruled that he had

exhausted the federal claims that were fairly presented in both petitions and ruled on the merits because "the state court has ruled on this issue, and it is ripe for review." *McNeal*, 623 F.3d at 1287.

## II.     Analysis

At the time that Magistrate Judge Anderson issued the R & R, Petitioner had an active petition in state court for post-conviction relief, so Magistrate Judge Anderson properly recommended that the federal petition be dismissed without prejudice for failure to exhaust. (Doc. 14). After the R & R was issued, however, Petitioner's state court petition was denied. (Doc. 17, Ex. 1). The state court petition therefore no longer serves as a bar to the exhaustion requirement. Respondent has not argued that Petitioner's claim remains unexhausted for any other reason, including the fact that he has failed to appeal his Rule 32 petition, although the limited caselaw suggests that such a failure would not render a previously exhausted claim unexhausted. *See McNeal*, 623 F.3d at 1287, *Cf Peterson v. Lampert*, 319 F.3d 1153, 1159 (9th Cir. 2003) ("The complete exhaustion rule is not to trap the unwary *pro se* prisoner." (quoting *Slack v. McDaniel*, 529 U.S. 473, 487 (2000)). Respondent's motion to dismiss the petition  must therefore be denied, and the R & R must be rejected. Since Respondent has not yet filed an answer to the original petition, this Court cannot rule on the petition itself, or on issues other than those raised in Respondent's motion.

**IT IS THEREFORE ORDERED:**

1.     Respondent's First Motion to Dismiss Case or Stay and Abey the Petition for Writ of Habeas Corpus (Doc. 11) is **denied**.

2.     Magistrate Judge Anderson's Report and Recommendation that the Motion to Dismiss be granted is rejected (Doc. 14).

/ / /

/ / /

/ / /

/ / /

/ / /

3. This matter is referred to Magistrate Judge Lawrence O. Anderson to set a schedule for Respondent to file an Answer to the Petition.

DATED this 17th day of May, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge

- 5 -