**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Sanchez Lopez,<br><br>               Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>               Respondents. | No. CV-11-1755-PHX-GMS (LOA)<br><br>**ORDER** |

Pending before this Court is a Petition for Writ of Habeas Corpus filed by Petitioner Robert Sanchez Lopez. (Doc. 1.) Magistrate Judge Lawrence O. Anderson filed a Report and Recommendation (R&R), in which he recommended that the Court deny the petition with prejudice; Lopez has objected to the R&R. (Docs. 23, 24.) Because objections have been filed, the Court will review the petition de novo. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). For the following reasons, the Court accepts the R&R and denies the petition.

## BACKGROUND[1]

On September 11, 2009, a grand jury indicted Lopez on one count each of marijuana possession and forgery. (Doc. 20-1, Ex. A.) After the grand jury returned the indictment, the State further alleged historical non-dangerous felony convictions, felony committed while on release, multiple offenses not committed on the same occasion, and other aggravating circumstances. (*Id.*, Exs. B–E.) On January 29, 2010, Lopez moved to

---

[1] The R&R sheds greater light on the background of this case. That discussion is incorporated by reference here.

represent himself at trial. (*Id.*, Ex. F.) He filled out a formal waiver form, and the trial court determined on February 2 that Lopez "knowingly, intelligently, and voluntarily waive[d] his right to counsel and desire[d] to proceed *Pro Per*." (*Id.*, Exs. G, H.) The court retained advisory counsel for Lopez. (*Id.*) Trial began on February 10, 2010, and the jury returned a verdict of guilty on both counts on February 17. (*Id.*, Exs. I, J.) Around one month later, the trial court sentenced Lopez to three years' incarceration for the marijuana offense and five years for the forgery offense, to be served concurrently. (*Id.*, Ex. K.)

Lopez appealed. His attorney filed an *Anders* brief on August 26, 2010, and stated that he found no arguable question of law that is not frivolous. (*Id.*, Ex. L.) The Arizona Court of Appeals allowed Lopez to file a supplemental brief. (*Id.*, M.) On November 30, 2010, the Court of Appeals affirmed the conviction and rejected all of Lopez's arguments. (Doc. 20-2, Ex. N.) It also denied Lopez's subsequent Motion for Reconsideration. (*Id.*, Exs. O, P.) Lopez petitioned for review in the Arizona Supreme Court and was denied. (*Id.*, Exs. Q, R.)

Lopez filed a petition for post-conviction relief on August 22, 2011. (*Id.*, Ex. S.) Once again, counsel filed a Notice in which he asserted that he found no colorable claim for relief. (*Id.*, Ex. T.) Lopez filed his supplemental brief, and the court denied his petition on March 12, 2012. (*Id.*, Exs. U, V.) He has not appealed that denial.

Lopez filed the instant petition on September 6, 2011. (Doc. 1.) He cites four grounds for relief: (1) "Constructive Fraud . . . [,] willful misrepresentation of the facts in drafting the indictment"; (2) "The Jury considered improper evidence[.] The written Jury instruction leaving out Subsection B"; (3) "The two Judges unfairly invoked an adversarial role rather than a neutral role"; and (4) prosecutorial misconduct. (*Id.* at 6–9.) Lopez, however, supplements each of these claims with subparts that can be construed as separate grounds for relief. Magistrate Judge Anderson issued an R&R on May 15, 2013, in which he recommended denial of the petition. (Doc. 23.) Lopez timely filed his objections on May 21, 2013. (Doc. 24.)

- 2 -

**DISCUSSION**

**I.     LEGAL STANDARD**

By statute, the writ of habeas corpus affords relief to persons only when they are in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The writ may be granted by "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* § 2241(a). Review of Petitions for Habeas Corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Id.* § 2244 *et seq.*

Under AEDPA, the Court may not grant habeas relief unless it concludes that the state's adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Id.* § 2254(d)(1)–(2). Neither can the Court grant habeas relief under AEDPA if the petitioner has failed to exhaust his claim in state court. *Id.* § 2254(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999).

A court reviewing a petition alleging that a state court violated a constitutional rule[2] can grant relief only if the state court decision was "contrary to, or involved an unreasonable application of" clearly established law. *Williams v. Taylor*, 529 U.S. 362, 391 (2000). A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." *Id.* at 405–06. "Clearly established Federal law" in § 2254(d)(1) refers to the Supreme Court's precedents in effect at the time the state court renders its decision. *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003); *Greene v. Fisher*,

---

[2] None of the rules that Lopez relies upon qualify as "new" under *Teague v. Lane*, 489 U.S. 288 (1989).

132 S. Ct. 38, 44 (2011). "A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of this Court." *Thaler v. Haynes*, 559 U.S. 43, 47 (2010). In applying these standards, the federal habeas court reviews the last reasoned decision by the state court. *Barker v. Fleming*, 423 F.3d 1085, 1091–92 (9th Cir. 2005).

A state court's decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer*, 538 U.S. at 75. The "unreasonable application" clause requires the state court's application of Supreme Court law to be more than incorrect or erroneous in the eyes of the reviewing court; it must be objectively unreasonable. *Id.* Habeas is not granted merely when a federal court disagrees with a state court's constitutional interpretation: "the most important point is that an unreasonable application of federal law is different than an incorrect application of federal law." *Williams*, 529 U.S. at 410.

**II.   ANALYSIS**

Magistrate Judge Anderson correctly concluded that Lopez's claims are either not cognizable on federal habeas review or lack merit.

**A.   Ground One**

Lopez styles his first ground for relief as "Constructive Fraud," but his filings make clear that he challenges the state court's subject matter jurisdiction to hear the criminal case. Lopez reasons that because the state was not injured and he did not commit the crime, the government was not injured and therefore did not have standing to bring a criminal case. Arizona's constitution vests the superior court with "original jurisdiction of . . . [c]riminal cases amounting to a felony, and cases of misdemeanor not otherwise provided for by law." Ariz. Const. art. VI § 14. The Arizona legislature has also generally endowed Arizona courts with "jurisdiction over an offense that a person commits by his own conduct . . . if . . . [c]onduct constituting any element of the offense or a result of such conduct occurs within this state . . . ." Ariz. Rev. Stat. § 13-108(A).

Insofar as Lopez challenges whether the Arizona Constitution and statutes properly assign jurisdiction to hear criminal cases to the superior court, he has not shown a violation of *federal* law. *See Jones v. Attorney Gen. of Cal.*, 280 F. App'x 646, 647 (9th Cir. 2008); *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998) ("Because Wright's claim, when pared down to its core, rests solely upon an interpretation of Virginia's case law and statutes, it is simply not cognizable on federal habeas review."); *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) ("The question of whether the Missouri courts had jurisdiction to sentence Poe was one solely of state law and is therefore not properly before this court."); *U.S. ex rel. Roche v. Scully*, 739 F.2d 739, 741–42 (2d Cir. 1984) ("[T]he jurisdictional argument must be rejected because it fails to raise an issue of federal law, which is an essential prerequisite to habeas relief. . . . The State of New York clearly has jurisdiction over the offenses charged. A violation of its laws allocating that jurisdiction among its various counties does not create a federal constitutional issue."); *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) ("Determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary."). *But see Ex parte Siebold*, 100 U.S. 371, 375 (1879) (addressing the federal constitution and stating in dicta that "[t]he only ground on which this court, or any court, without some special statute authorizing it, will give relief on *habeas corpus* to a prisoner under conviction and sentence of another court is the want of jurisdiction in such court over the person or the cause, or some other matter rendering its proceedings void."). Attaching the phrase "due process violation" to the claim, without a specific federal theory, does not "transform a state-law issue into a federal one . . . ." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

To the extent his jurisdictional argument is that the state lacks standing to prosecute criminal cases, that argument is incorrect. State governments always have standing under the federal constitution to bring criminal prosecutions. The state proscribes certain conduct through legislative and executive enactments and it naturally has standing to enforce those proscriptions. That is the very essence of the way the

criminal prosecution system functions in our system of government. As for Lopez's claim that he did not commit the crime, he does not present any evidence to support his claim. His jurisdictional argument therefore fails.[3]

### B.     Ground Two

Lopez's second claim for relief centers on two alleged errors: (1) the trial court erred by failing to give a certain jury instruction relating to the forgery charge and (2) the state failed to produce sufficient evidence that Lopez possessed the marijuana. The applicable forgery provision is found at Ariz. Rev. Stat. § 13-2002. Subsection A of that statute lays out the elements of the offense of forgery. Subsection B reads "The possession of five or more forged instruments may give rise to an inference that the instruments are possessed with an intent to defraud." § 13-2002(B). Lopez claims the state trial court erred by failing to instruct the jury that the statute allows for a negative inference, namely that possession of less than five forged instruments should not give rise to an inference of intent to defraud.

The Arizona Court of Appeals squarely addressed and rejected this claim on direct review:

> Lopez argues the judge improperly instructed the jury by failing to tell them subsection B of A.R.S. § 13-2002 (2010) essentially negates any inference of intent to defraud if a person possesses fewer than five forged instruments. We disagree. Although the statute gives rise to an inference of intent with five or more forged instruments, it cannot reasonably be construed to allow the negative inference—that there is no inference of intent if the person possessed fewer than five forged instruments. The court, therefore, properly instructed the jury on the elements of possessing a forged instrument with the intent to defraud.

(Doc. 20, Ex. N at 7–8 (footnote omitted).)

Once again, Lopez's argument is concerned solely with state law—he disagrees with the analysis of the Court of Appeals of the relevant statute. Jury instructions and

---

[3] Because the Court agrees with the conclusions in the R&R, it does not address the state's alternative argument that Lopez procedurally defaulted his claim. *See* 28 U.S.C. § 2254(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

- 6 -

potential errors therein are not federal constitutional problems, except for the rare instance where "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 71–72 (1991) (internal quotation marks omitted). Lopez has not made such a showing. He has not demonstrated that the failure to give an instruction on a questionable negative inference of a particular statutory provision contaminated the verdict in his case.

Lopez also makes general assertions that the state failed to produce sufficient evidence. He claims that the state failed to produce sufficient evidence of possession and that it relied too much on presumption and hearsay. "A due process claim based on insufficiency of the evidence can only succeed when, viewing all the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Emery v. Clark*, 643 F.3d 1210, 1213–14 (9th Cir. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 324 (1979)). But habeas review under ADEPA is even more constrained and asks "only whether the state court's decision was contrary to or reflected an unreasonable application of *Jackson* to the facts of a particular case." *Id.*

The Arizona Court of Appeals addressed the sufficiency of the evidence. It "reviewed the entire record" and found "ample evidence [that] supports Lopez's conviction and each count." (Doc. 20-2, Ex. N at 4–6.) Lopez makes only general objections and assertions and has not shown how the state court's decision was an unreasonable application of the principles discussed in *Jackson*. The claims raised in Ground Two provide no basis for relief.

## C.   Ground Three

Lopez describes Ground Three as "[t]he two Judges unfairly invoked an adversarial role rather than a neutral role." (Doc. 1 at 8.) To support that claim, he then lists a series of rulings and actions by the trial court: (1) denying his motions, (2) giving improper jury instructions, (3) not allowing Lopez to interview government witnesses prior to trial, (4) allowing witnesses to hear each other's testimony, (5) failing to strike

1 certain jurors and improperly striking others, (6) making an invalid sentence
2 enhancement, and (7) allowing the prosecutor to coach the witnesses.

3 Lopez does not specify which motions were denied and on what basis. The Court
4 is therefore unable to entertain that claim. And, as discussed above, jury instructions are a
5 matter of state law and objections to them are not cognizable upon habeas review. Nor
6 does Lopez have a constitutional right to interview witnesses prior to trial. "There is no
7 constitutional right to discover evidence favorable to the state in a criminal case, so the
8 inability of a defendant to interview witnesses is a constitutional problem only if the state
9 artificially restricted the defendant's ability to obtain evidence." *U.S. ex rel. Jones v.*
10 *DeRobertis*, 766 F.2d 270, 274 (7th Cir. 1985) (citing *Wardius v. Oregon*, 412 U.S. 470,
11 474 (1973)). Lopez has not shown that the state actually restricted his ability to obtain
12 evidence for himself.

13 As for how the trial judge conducted the trial in his courtroom, e.g., allowing
14 witnesses to be present, this Court does not exercise "supervisory authority over criminal
15 proceedings in state courts." *Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995). The
16 trial court can conduct the proceedings as it sees fit so long as those proceedings comport
17 with due process. Even with regard to the trial court's striking/failure to strike certain
18 potential jurors, Lopez has not shown how that violated a constitutional right. That
19 certain jurors were related to law enforcement officers does not automatically pollute the
20 jury pool to the extent that the verdict resulted from a denial of due process. Nor has
21 Lopez specified which evidentiary rulings he contests. Even if Lopez had described his
22 challenges to the trial court's actions with the requisite specificity, and even assuming
23 there were errors, Lopez has failed to show that such errors were so fundamental and so
24 pervasive that a court of another sovereign can declare that the proceeding lacked due
25 process. Merely invoking the due process clause does not make it so. A petitioner is not
26 denied due process every time the court makes an error. *Little v. Crawford*, 449 F.3d
27 1075, 1082 (9th Cir. 2006).

28 It is not clear what the basis is for Lopez's claim that the trial judge made an

invalid sentence enhancement. If he disputes the trial court's application of Arizona sentencing statutes, his challenge is a matter of state law that is not cognizable on federal habeas review. In addition, the Arizona Court of Appeals affirmed the trial court's enhancement. (Doc. 20-2, Ex. N at 8–9.) If, as his Objection to the R&R indicates, he is challenging the trial court's sentence under *Blakely v. Washington*, 542 U.S. 296 (2004), that claim is defaulted. He did not raise this federal claim on direct appeal or in his post-conviction petition. He has therefore failed to exhaust his claim in state court. 28 U.S.C. § 2254(b)(1)(A). If a petitioner has failed to "fairly present" his federal claims to the state courts—and has therefore failed to fulfill AEDPA's exhaustion requirement—the habeas court must determine whether state remedies are still available for the petitioner; if not, those claims are procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Rule 32.2(a) of the Arizona Rules of Criminal Procedure sharply limits the availability of claims in a post-conviction relief proceeding. Specifically, "[a] defendant shall be precluded from relief under this rule based upon any ground: (1) Raisable on direct appeal under Rule 31 or on a post-trial motion under Rule 24; (2) Finally adjudicated on the merits on appeal or in any previous collateral proceeding; (3) That has been waived at trial, on appeal, or in any previous collateral proceeding." Lopez's *Blakely* claim qualifies as a claim that should have been raised on direct appeal, which means that it would be denied on any post-conviction review. He therefore defaulted the claim and has not shown cause or prejudice to excuse the default.

### D.     Ground Four

Lopez's final claim for relief involves multiple allegations of prosecutorial misconduct. He claims the prosecutor used false evidence, violated *Brady v. Maryland* by intentionally withholding evidence, relied on evidence from an illegal search of the home of Lopez's in-laws, and violated his Sixth Amendment right to counsel when the public defender office instructed Lopez's attorney to not assist him during trial and sentencing.

A prosecutor's actions run afoul of the federal constitution only when those actions "so infected the trial with unfairness as to make the resulting conviction a denial

of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotation marks omitted). "On habeas review, constitutional errors of the 'trial type,' including prosecutorial misconduct, warrant relief only if they 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Wood v. Ryan*, 693 F.3d 1104, 1113 (9th Cir. 2012) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

Lopez alleges that the prosecution introduced false evidence regarding the authorship of a police report and certain items that were seized during a search. A prosecutor's knowing use of false testimony to get a conviction violates due process. *Napue v. Illinois*, 360 U.S. 264, 269 (1959). Nevertheless, a petitioner must show "that (1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) . . . the false testimony was material." *United States v. Zuno-Arce*, 339 F.3d 886, 889 (9th Cir. 2003). While Lopez does provide more specific allegations regarding the alleged misconduct surrounding the police report than at other points in his Objection, the Arizona Court of Appeals addressed Lopez's arguments regarding false evidence and rejected them. (Doc. 20-2, Ex. O at 6–7.) Lopez does not advance any argument for why that decision was not in accordance with *Napue* or otherwise contravened federal law. That is the inquiry mandated by AEDPA. His claim of false evidence therefore fails.

An allegation that the prosecution failed to disclose material evidence is governed by *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Under *Brady*, "[t]he government violates its constitutional duty to disclose material exculpatory evidence where (1) the evidence in question is favorable to the accused in that it is exculpatory or impeachment evidence, (2) the government willfully or inadvertently suppresses this evidence, and (3) prejudice ensues from the suppression (i.e., the evidence is 'material')." *Silva v. Brown*, 416 F.3d 980, 985 (9th Cir. 2005). Once again, the Arizona Court of Appeals addressed Lopez's claim of failure to disclose and rejected it on the merits. (Doc. 20-2, Ex. O at 6–7.) Lopez does not present a case for why that decision runs contrary to established federal law. The Court must therefore reject his *Brady* claim.

The R&R does not address Lopez's argument that prosecutors used evidence that was illegally seized. (Doc. 1 at 9.) Nevertheless, the Arizona Court of Appeals directly addressed this question:

> Lopez argues the marijuana was the fruit of an illegal search for two separate reasons. First, he argues the search warrant was deficient because the statement forming the basis of the warrant was obtained in violation of his *Miranda* rights. *Miranda*, however, does not require exclusion of the physical fruits of a defendant's voluntary, unwarned statement, *United States v. Patane*, 542 U.S. 630, 641–42, 644–45, 124 S. Ct. 2620, 2629, 2631, 159 L. Ed. 2d 667 (2004) (plurality opinion), which was the case here. Thus, because the court found based on ample evidence Lopez's statements were voluntary, albeit obtained in violation of *Miranda*, the police properly could use Lopez's statement in the affidavit and the items seized did not need to be excluded. Second, Lopez argues the police improperly entered the house before obtaining the search warrant. The record reveals Lopez's in-laws invited the officers into the house before the judicial officer issued the search warrant while the officers were securing the house. Thus, the officers did not enter the house improperly, and the court properly admitted the marijuana into evidence.

(Doc. 20-2, Ex. O at 6.) Lopez has not shown how this decision contravened federal law.

Finally, Lopez asserts an ineffective assistance of counsel claim. Yet Lopez knowingly and voluntarily sought to represent himself at trial. (Doc. 20-1, Exs. F, G, H.) It is true that the court retained advisory counsel for him, but advisory counsel has very limited duties and involvement in the case. (*Id.*, Ex. H.) Lopez argues that counsel did not assist him at trial, but he waived his right to counsel before the trial court and does not contest that waiver. *See Faretta v. California*, 422 U.S. 806, 807 (1975) (holding that a defendant in a state criminal trial has the right to proceed without counsel if found to have voluntarily and intelligently elected to do so). Nor does he offer how his advisory counsel was deficient. The emails he cites appear to describe to the appropriate instructions that limit the involvement of his advisory counsel in the defense, as Lopez himself wished. (*Id.*, Ex. M.) On these facts, Lopez has not shown a violation of his Sixth Amendment right to counsel.[4]

---

[4] To the extent Lopez's Objection contains additional claims for relief, the Court

- 11 -

**CONCLUSION**

Lopez's claims are either not cognizable on federal habeas review or lack merit.

**IT IS THEREFORE ORDERED** that Lopez's Petition for Writ of Habeas Corpus (Doc. 1) is **denied and dismissed with prejudice.** The Clerk of Court is directed to enter judgment and terminate this case.

**IT IS FURTHER ORDERED** that Magistrate Judge Anderson's R&R (Doc. 23) is **ACCEPTED.**

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal is **DENIED** because Lopez has not made a substantial showing of the denial of a constitutional right. The Clerk of Court is directed to enter judgment on this matter.

Dated this 2nd day of August, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge

---

has not considered them because they were not included in his Petition. Furthermore, any amendment would be untimely.